**Theresa M. RICHARDSON, Plaintiff,**

v.

**Alfred Morinobu KUBOTA, Defendant.**

**Civ. A. No. 1157-W.**

United States District Court
N. D. West Virginia,
at Wheeling.

March 25, 1964.

William L. Jacobs, Parkersburg, W. Va., for plaintiff.

R. E. Stealey, Fred L. Davis, Parkersburg, W. Va., for defendant.

PAUL, Chief Judge.

On submission of the defendant's motion for summary judgment, I have considered the entire record consisting principally of the interrogatories, answers to interrogatories, the depositions of the parties and the "AGREED FACTS" set forth in the pre-trial conference order of February 11, 1964.

There is no substantial conflict in the facts, and, indeed, there seems no room for such conflict in that the plaintiff did not see the defendant's car in the critical moments prior to the collision, and, in fact, did not consciously see the defendant or his car after the accident, since she was rendered unconscious by the collision of the front end of her car with the concrete abutment of the bridge upon which the collision occurred. Counsel have conceded that there are no eye witnesses to the accident other than the plaintiff, the defendant, and the defendant's wife. On summary judgment, of course, the plaintiff is entitled to every reasonable inference which can be drawn from the pertinent facts and circumstances. I have afforded her the benefit of all such inferences.

The legal issues to which the facts and the inferences which can be deduced therefrom apply are as follows:

(1) Was the defendant guilty of primary negligence?

(2) Was the plaintiff guilty of negligence contributing to the accident and her injuries? As a subsidiary thereto, is the question did the defendant have the last clear chance to avoid the injuries.

(3) Was any negligence of the defendant the proximate cause of the injuries and damages of which the plaintiff complains?

Any possible showing or inference of negligence on the part of the defendant is nebulous indeed. The defendant had been following the plaintiff's car for some miles on this two-lane highway, at speeds variously ranging from 40 to 50 miles per hour and at a distance of from 5 to 6 car lengths. Some one-tenth of a mile before the point of impact, the plaintiff's car, with the defendant following, had rounded a curve approaching a straight-away. The speed of the plaintiff's car had reduced, and the defendant was preparing to pass her. He had narrowed the intervening distance to some 3 to 4 car lengths when the right wheels of the plaintiff's car left the paved highway onto the right berm. The defendant interpreted this as preparatory to the plaintiff's turning into a side road to the right, immediately ahead of her, and began to pull to the left of the road. Instead of turning off, the plaintiff attempted to get back on the road but had not succeeded when the right front of her car struck the concrete abutment of the bridge, and the rear of her car swung in an arc to the left, leaving it across both lanes of the highway. Defendant's application of his brakes and attempt to pull further to the left failed either to stop his car completely or to clear the obstructing plaintiff's car, and the right front of his car struck the plaintiff's car at or near the right rear door. From these facts, it is hard to see any neglect on the part of the defendant.

However, plaintiff's counsel argue that the defendant's admission, in his deposition, that he had observed that the plaintiff's driving was erratic for some distance before the point of impact, in that she was weaving to some extent between the center and the right edge of her lane of the highway, made it incumbent upon the defendant to anticipate that the plaintiff was in difficulties, and to extend rather than narrow the space between the two cars. Recognizing the possible validity of the argument that it might be permissible for a jury to infer such a duty, I do not care to rest my ruling on the absence of an issue of primary negligence.

■■ Contributory negligence on the part of the plaintiff seems to be conceded —or if not conceded, is an inescapable conclusion. Plaintiff had been driving alone since very early in the morning, and she admits the possibility that she may have dozed off. Whatever the reason, she was certainly inattentive to her driving, and her negligent actions were a contributing, if not the sole, cause of the accident. The uncontroverted facts leave no room for application of the doctrine of last clear chance. In fact, plaintiff's counsel does not even espouse the applicability of that doctrine. Assuming arguendo (as we must if primary negligence can be found), that the defendant was following too closely and too fast, there is nothing from which an allowable inference can be formed that he had an opportunity to avoid collision with plaintiff's car blocking the highway, after he observed that plaintiff was about to and did collide with the concrete abutment.

■ On the question of causation, the lack of a genuine issue as to any material fact is even more apparent. Plaintiff was knocked unconscious and her car was wrecked by her collision with the bridge abutment. Plaintiff's counsel admits his inability to establish that the subsequent striking of plaintiff's car by defendant's car caused or even contributed to her physical injuries. He has not indicated that he is able to show even that the plaintiff's car was anything less than a total loss after its forceful collision with the immobile bridge abutment. Plaintiff's counsel orally argued that it was not part of plaintiff's burden to "separate" the injuries and damage caused by the two impacts. He cites no authorities in support of this argument, and I am aware of none under these circumstances.

It would seem an undue burden of time and expense on the part of the parties, their counsel, the jurors and the Government, to permit this case to go to trial. The case affords a clear example of the type of situation for which Rule 56(b) and (c) is designed, and the defendant's motion may be granted.